UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAVONNA MARIE THOMPSON,<br>RICKY CHESLEY THOMPSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br>U.S. BANK, NA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:20-cv-01924-SEB-TAB<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

**I.      Introduction**

Plaintiffs assert a variety of claims alleging generally that Defendants misapplied payments and wrongfully assessed expenses and charges to their mortgage while Plaintiffs were in bankruptcy proceedings and thereafter. After litigating this case for just over a year, the parties notified the Court that they had settled all issues except for determining what constitutes an award of reasonable attorneys' fees and costs to Plaintiffs. [Filing No. 112, at ECF p. 1.] The parties agreed to informally brief the issue of fees and costs and submit that matter to the magistrate judge for a final and non-appealable determination. [Filing No. 112, at ECF p. 1.] Having reviewed the parties' submissions, the Court orders Defendants to reimburse Plaintiffs' attorneys' fees and costs as follows: $43,106 in fees and $5,735.30 in costs to Clark Quinn, LLP, and $22,204 in fees to Nick Wooten, LLC.

**II.     Discussion**

The parties agree that Plaintiffs are prevailing parties in this litigation, and that they are entitled to an award of reasonable fees and costs. Given the confidential nature of the settlement terms, the Court will not divulge them here. However, it is fair and permissible to say that the settlement involved both monetary and non-monetary relief, and represents a favorable outcome for Plaintiffs. The parties disagree significantly in terms of what constitutes reasonable attorneys' fees and costs. Plaintiffs contend they are entitled to an award of $86,921.83, consisting of $76,085 in fees and $10,836.83 in costs. Plaintiffs arrive at this fee award by utilizing the familiar lodestar method. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983); *Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949, 954 (7th Cir. 2019). Defendants respond that Plaintiffs' fee request should be slashed to $15,744.75 based on a variety of arguments.

Defendants first argue that Plaintiffs' fees should be reduced by 75% because at least six of their eight claims could not succeed. As Defendants see it, Plaintiffs' Indiana Deceptive Consumer Sales Act claims, Truth in Lending Act claims, and bankruptcy claims all fail to state any basis for relief, and the Court "likely" would have dismissed Plaintiffs' Fair Credit Reporting Act and Real Estate Settlement Procedures Act claims. Moreover, Defendants point out that no fees are recoverable for Plaintiffs' breach of contract and Telephone Consumer Protection Act claims. [Defs.' Response Letter, pp. 3-5.]

The Court agrees with Defendants that not all of Plaintiffs' legal theories contain a prevailing plaintiff fee award. However, most of Plaintiffs' claims do provide for an award of fees to a prevailing plaintiff, and Plaintiffs' claims are so intertwined that it is not possible to conclude that certain work was wholly attributable only to the breach of contract or TCPA claims, and thus is severable from a fee award for the remaining claims.

Moreover, the Court rejects Defendants' invitation to eviscerate Plaintiffs' fee request based upon Defendants' assertion that some claims could not survive Defendants' motion to dismiss and that other claims "likely" would have been dismissed. The docket reflects Plaintiffs have been successfully litigating this case since July 22, 2020. [Filing No. 1.] While an early motion to dismiss prompted a stipulation of dismissal of a single claim [Filing No. 36; Filing No. 37], Plaintiffs then settled with three other Defendants. [Filing No. 65; Filing No. 74; and Filing No. 83.] After that, the Court granted Plaintiffs' motion for leave to amend their complaint over Defendants' objection. [Filing No. 101.] Although the remaining Defendants filed another partial motion to dismiss on June 11, 2021 [Filing No. 106], the Court held a status conference a week later to revisit settlement, and on August 12, 2021, the parties resolved all remaining claims except for the issue of fees and costs. [Filing No. 112; Filing No. 113.] If Defendants felt Plaintiffs' claims were so lacking in merit, they could have allowed their motion to dismiss to run its course. Having opted to settle, Defendants cannot reasonably ask the Court to slash Plaintiffs' fee request by the arbitrary amount of 75% because Defendants believe they would have prevailed in the long run.

Defendants next take issue with what they term attorney Travis W. Cohron's practice of "block billing" and what they label as vague descriptions of exactly what legal work Cohron and his firm were performing. [Defs' Response Letter, p. 6.] Many of Defendants' arguments are asserted broadly. However, Defendants specifically take issue with Plaintiffs billing 16.5 hours to draft a complaint and 39.1 hours to draft a response to Defendants' motion to dismiss. The Court shares Defendants' concerns—to a point. The Court agrees that a lawyer such as Cohron, who claims he is worth $325/hour, should not require over 16 hours to draft a complaint on a case involving the subject matter counsel claims comprises the entirety of his practice. The

Court also agrees that other billing entries also would benefit from additional detail. However, these shortcomings do not justify a 75% haircut.

This is particularly so given Cohron's representation that his request for fees has been discounted. Specifically, Cohron states that he reduced the total fees by scrutinizing the billing records for time expended toward routine tasks, time expended by associates deemed to be duplicative or unnecessary, time expended by support staff in completing clerical tasks, time expended to become familiar with documents produced in discovery, time deemed potentially duplicative of time expended by co-counsel, and time expended relative to Defendants other than Select Portfolio Servicing, Inc. [Cohron Dec. at ¶ 8.] Unfortunately (and unlike his co-counsel, Nick Wooten, discussed below), Cohron does not state the extent to which his fees have been discounted.

Cohron submitted his declaration and billing records in support of the fee petition. Although Cohron's declaration does not expressly state when he was admitted to the bar, it does state that Cohron is a partner with Clark Quinn, LLP, that his practice consists almost entirely of consumer protection litigation, and that his hourly billing rates range from $295 - $350. In 2016, Cohron was awarded $275/hour in the Northern District of Indiana. Cohron asks the Court to award him $325/hour. He states that he is familiar with the billing rates in Indianapolis for attorneys practicing in the same subject matter, and that his rate is below the market rate. Cohron also seeks reimbursement at $250/hour for associate work, but again his declaration is somewhat lacking: it provides no information regarding the skill or experience of the billing associates. In total, Cohron seeks $53,847.50 in fees for 172.70 billable hours. [Cohron Dec. at ¶¶ 1-4.]

As noted, the Court has some concerns regarding the amounts Cohron claims, the specificity of the billing records, Cohron's hourly rate, and the lack of any details supporting the $250/hour sought for his associates. These concerns, however, do not rise anywhere near the point of reducing Plaintiffs' fee request by 75% as Defendants suggest. The Court has broad discretion in determining the reasonable amount of attorneys' fees and costs. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). For these reasons and others set forth below, a 20% reduction in Cohron's fees is appropriate. Accordingly, Cohron's fee award is reduced from the $53,882.50 requested by 20% ($10,776.50) to $43,106.

Defendants' concerns are not restricted to Cohron's billing practices. Defendants also challenge the hours submitted by Plaintiffs' attorney Nick Wooten, as well as his paralegal, Linnea B. Pedelty. Wooten, who seeks reimbursement at $600/hour for his work, was admitted to practice in 1998, has substantial experience in consumer law litigation, has numerous continuing legal education speaking engagements, and is a subject matter expert in consumer litigation against mortgage servicers. Since 2013, Wooten has achieved seven-figure verdicts and settlements in multiple state and federal jurisdictions. Because Wooten is retained on a contingency basis, he does not have a regularly established hourly rate, but he is seeking $600/hour based on his years of experience, his subject matter expertise, and his skill and reputation as a courtroom attorney. [Wooten Dec. ¶¶ 2, 5, 7-9.] Wooten claims 47.6 hours of work, which at $600/hour equals $28,560. Pedelty is a certified paralegal with more than 27 years of litigation experience. [Wooten Dec. ¶ 10.] Pedelty seeks reimbursement for 15.8 hours at $200/hour ($3,160). Together, Wooten and Pedelty claim $31,720. However, in "the exercise of billing judgment," Wooten reduced this total by 30 percent to $22,204. [Wooten Dec. ¶ 22.]

Defendants argue that Wooten's declaration impermissibly relies upon an "unqualified, unauthenticated, and undisclosed purported expert report[.]" [Defs.' Response Letter, p. 7.] As a result, Defendants contend that the Court should disregard this report. The Court agrees. Nevertheless, Wooten's declaration and supporting billing records, as well as Cohron's declaration,[1] adequately support the requested reimbursement for Wooten and Pedelty. Moreover, the Court is well aware of the rates Indianapolis-area attorneys charge and at which they receive court-ordered reimbursement. *See, e.g., Swike v. Med-1 Solutions, LLC*, No. 1:17-CV-1503-JMS-MPB, 2018 WL 2126520, at *5 (S.D. Ind. May 9, 2018) (finding a rate of up to $550/hour reasonable for attorney with experience litigating FDCPA cases); *Blair v. Green Square Co. LLC,* No. 1:20-CV-0888-JMS-MPB, 2020 WL 6827247, at *5 (S.D. Ind. Nov. 20, 2020) (finding a rate of $367/hour reasonable for FDCPA work in this community); *Watkins v. Trans Union, LLC*, No. 2:14-CV-00135-WTL-MJD, 2019 WL 336674, at *4 (S.D. Ind. Jan. 28, 2019) (finding a $250/hour fee reasonable for an attorney with sixteen years of experience in FCRA litigation); *Grubbs v. Andrews & Cox, P.C.*, No. 1:13-CV-1936-WTL-MJD, 2016 WL 3902591, at *3 (S.D. Ind. July 18, 2016) (finding $250/hour fee reasonable for a "simple, uncomplicated FDCPA case that did not require particular skill or expertise").

Defendants also attack specific billing entries made by Wooten and Pedelty. For example, Defendants state, "Mr. Wooten spent 10 hours reviewing SPS' document production. It is not reasonable for a partner who claims to bill at $600/hour to spend 10 hours on document review, a task normally reserved for junior attorneys." [Defs.' Response Letter, p. 8.] (citations

---

[1] As noted above, Cohron was awarded $275/hour in the Northern District of Indiana, asks this Court to award him $325/hour, states that he is familiar with the billing rates in Indianapolis for attorneys practicing in the same subject matter, and further states that his rate is below the market rate.

omitted.) In response, Plaintiffs retort, "But spending approximately 10 hours to thoroughly review over 1800 pages of documents, identifying items likely being withheld, and creating an outline for upcoming depositions is entirely reasonable." [Plfs.' Reply Letter, p. 3.] The Court agrees with Plaintiffs, and similarly finds no merit in the other billing-specific challenges Defendants make to the billing records of Wooten and Pedelty.

The same cannot be said for Defendants' challenge to Wooten's $600/hour billing rate and Pedelty's $200/hour rate. These rates—particularly that of Wooten—give the Court pause. Perhaps anticipating some judicial push back, Wooten states in his declaration that in "the exercise of billing judgment" Wooten reduced the total fee for himself and Pedelty by 30 percent from $31,720 to $22,204. [Wooten Dec. ¶ 22.] As a result, the effective hourly rates for Wooten and Pedelty are $420/hour and $140/hour respectively. Given their experience, the Court finds these rates appropriate and awards $22,204 to Nick Wooten, LLC.

The penultimate issue is determining the proper award of costs. Plaintiffs seek $10,836.83 in costs, of which $10,203.06 are expert fees—$1,528.06 to McDonnell Analytics and $8,675 to Jay Patterson of Full Disclosure. Although these fees are noted in the billing records Cohron submitted, Plaintiffs' Opening Letter and attached declaration are devoid of any explanation of why these experts were needed or any explanation of whether these fees are reasonable. Defendants' response understandably seizes on this glaring omission. Plaintiffs attempt to cure this void in their Reply Letter, offering the experts' resumes, stating that neither Plaintiffs nor their counsel can control the amount charged by competent experts, and adding that the experts' involvement was "absolutely critical." [Plfs' Reply Letter, p. 3.] Plaintiffs' arguments are problematic for several reasons.

7

First, by submitting the experts' resumes and purported justification in their Reply Letter for the first time, Plaintiffs deprived Defendants of the opportunity to meaningfully respond. It is axiomatic that arguments raised for the first time in a reply brief are waived. *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011) (citing *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011)). Second, Plaintiffs still have not explained why the experts' involvement was allegedly absolutely critical. Third, while it may be true that Plaintiffs have little control over the amount charged by a particular expert, Plaintiffs are completely in control of whether to retain an expert at a particular price, given such factors as the expert's experience, the importance of the expert in the litigation, and the overall amount in controversy in the litigation.

As a result of these shortcomings, Defendants' request to deny Plaintiffs any reimbursement for expert fees is tempting. The Court balances this temptation with the reality that Plaintiffs did incur these costs. And the Court presumes that Plaintiffs' counsel would not have paid their experts over $10,000 had counsel not believed the experts were important to the case. Given the foregoing, the Court reduces the expert fees by 50% to $5,101.53. The Court overrules Defendants' remaining arguments regarding the additional $633.77 in costs Plaintiffs seek. As a result, the Court awards costs in the amount of $5,735.30.

Finally, Plaintiffs seek reimbursement of an additional $2,500 for preparing their Reply Letter in the event the Court reduces Plaintiffs' lodestar. The Court acknowledges that fees incurred in preparing a reply brief are recoverable. However, the Court declines to do so here for two reasons. First, Plaintiffs did not submit any declaration or billing records to support this request. Second, although the Court reduced the amount of fees Cohron requested, it did so only by 20% rather than the 75% reduction Defendants sought, and in doing so took into consideration that Plaintiffs incurred some additional fees in preparing their reply.

8

As a result, Defendants must reimburse Plaintiffs a total of $71,045.30 in attorneys' fees and costs. While this amount is less than Plaintiffs requested, it is significantly more than Defendants suggest is appropriate. In awarding this amount, the Court notes in closing that this determination is guided by one additional consideration: counsel's representation of Plaintiffs in this case has serviced the public's interest by ensuring the "fresh start" promised to those who obtain a bankruptcy discharge is respected.[2]

### III. Conclusion

For the reasons set forth, the Court awards attorneys' fees of $43,106 and costs of $5,735.30 to Clark Quinn, LLP, and attorneys' fees of $22,204 to Nick Wooten, LLC. Defendants shall pay these sums within 30 days. The parties shall file a stipulation of dismissal within 45 days.

Date: 9/22/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] Defendants make a few additional arguments, including that Plaintiffs' fee request during settlement negotiations was significantly lower than the fees Plaintiffs now seek. This argument is easily dispatched, given statements made in the course of settlement negotiations cannot be used in this manner. Fed. R. Evid. 408. The additional arguments Defendants have raised do not warrant further discussion or a different outcome.

Distribution:

Kevin T. Bennett
SCHUCKIT & ASSOCIATES P.C.
kbennett@schuckitlaw.com

Jacob V. Bradley
QUARLES & BRADY LLP (Indianapolis)
jacob.bradley@quarles.com

N. Charles Campbell
EQUIFAX, INC.
charles.campbell@equifax.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael Rowan Couch
QUARLES & BRADY
michael.couch@quarles.com

Alexandra Robinson French
BARNES & THORNBURG LLP
arobinson@btlaw.com

Sandra Davis Jansen
SCHUCKIT & ASSOCIATES P.C.
sjansen@schuckitlaw.com

Kristin McIlwain
CLARK QUINN MOSES SCOTT & GRAHN LLP
kmcilwain@clarkquinnlaw.com

Allison Leigh McQueen
JONES DAY (Chicago)
amcqueen@jonesday.com

Nicholas H. Wooten
nick@nickwooten.com